NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JHONY WILLIAN CABALLERO-CHAVEZ; et al.,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No.    17-72082<br><br>Agency Nos.    A206-791-048<br>A206-791-043<br>A206-791-061<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2026**

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

Jhony Willian Caballero-Chavez and Alba Marina Gonzalez-Ramos, natives

and citizens of Honduras, seek review of the Board of Immigration Appeals'

("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") denial of their

applications for asylum, withholding of removal, and protection under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's factual findings are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (emphasis omitted) (citation omitted). We review questions of law de novo, *id.*, including "[w]hether [a petitioner's] particular social group is cognizable," *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020).

"To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). An alien seeking relief based on membership in a particular social group must demonstrate that the group is: (1) composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question. *See Diaz-Reynoso*, 968 F.3d at

---

[1] Caballero-Chavez is the lead Petitioner. Any reference to "Petitioner" in this case is to him. The other Petitioners are Caballero-Chavez's wife, Gonzalez-Ramos, who filed her own asylum application, and their son who is a derivative of both of their applications for asylum.

1077 (citation omitted).

1.     The agency properly concluded that Caballero-Chavez's asylum and withholding of removal claims failed because his proposed particular social group was not cognizable. The agency determined that the proposed social group defined as "Honduran youth who have been subjected to harassment, robbery and persecution by the gangs and who have rejected the gang member way of life based upon their personal moral opposition" is not legally cognizable because "it is circularly defined by the fact that its members have been persecuted." We agree. The proposed group was not defined by characteristics that provide clear benchmarks, was not discrete, and did not have definable boundaries for identifying who falls within the group. *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016) (recognizing that for a group to be "particular" it must have a definable boundary).

Moreover, the agency reasonably determined that Petitioners failed to show that they are actually members of their proposed social group because there is no evidence that they had been "harassed, robbed or persecuted by the gangs," or that they had rejected the gang members' way of life. Indeed, Petitioners appear to have only a general fear of being a victim of a crime. Petitioner claimed that he and his family would be killed because he witnessed the death of a taxicab driver by purported gang members. But he admitted that the gang members did not try to contact him after the shooting and that he continued to go to work without any

problems.

2.    Because Caballero-Chavez has not established a well-founded fear of future persecution to support his asylum claim, he necessarily is "not eligible for withholding of removal, which imposes a heavier burden of proof" for future persecution. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *see also Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009).

3.    Substantial evidence supports the agency's determination that Caballero-Chavez is not entitled to CAT protection. As to CAT relief, we consider "whether the alien is more likely than not to be tortured in the country of removal." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(4)). Caballero-Chavez was not persecuted, let alone tortured, in the past. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) ("Demonstrating torture requires a much greater showing of harm than demonstrating persecution . . . ."). Additionally, the evidence does not compel the conclusions that he will be tortured in the future or that the government would acquiesce in any future torture.

**PETITION DENIED.**

4